UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:09-CR-0053-B |
| | § | |
| RANDALL LADON CURRY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Suppress Evidence Illegally Obtained (doc. 28). A hearing was held on the Motion on December 4, 2009. For the reasons stated below, the Court finds the Motion should be and hereby is **DENIED** (doc. 28).

### I.

### BACKGROUND [1]

Defendant Randall Ladon Curry ("Curry") is charged with possession of a firearm by a Prohibited Person in violation of 18 U.S.C. §§ 924(g)(1) and 924(a)(2). (Indictment 1.) This matter is set for trial on December 14, 2009.

The events leading to Curry's arrest occurred in Dallas, Texas on the evening of October 4, 2008. Curry was driving his vehicle northbound on Bonnie View Road and approached a red light at Simpson Stuart Road. Curry stopped at the red light in a lane next to a Dallas Police Department vehicle. The officers in the Dallas Police Department vehicle, Officers Carlson and

---

[1] Unless otherwise noted, the Court takes its factual account from the evidence presented at the Hearing held December 4, 2009. Officer Carlson, Officer Grimes, Linda Lacher and Marchel Russell testified at this hearing.

Grimes (the "officers"), observed Curry's vehicle enter a marked crosswalk at the intersection, a traffic violation under Texas Transportation Code § 544.010© and § 544.007(d). Accordingly, the officers initiated a traffic stop.

As Curry rolled down his window to speak with the officers, the officers detected the distinct odor of marijuana. Subsequently, the officers removed Curry from the vehicle. Officer Carlson commenced a search of the vehicle while Officer Grimes remained with Curry. During the search, Officer Carlson recovered a small ziploc baggie containing nine-tenths a gram of unburned marijuana from the closed ashtray of Curry's vehicle. Officer Carlson additionally found a loaded Glock pistol in the vehicle's center console. After completion of the search, the officers discovered Curry had prior felony convictions and placed him under arrest.

Curry filed the instant Motion to Suppress Illegally Seized Evidence (doc. 28) on November 18, 2009. The Government filed its Response on November 24, 2009. A hearing was held on the Motion on December 4, 2009. Having considered the parties' briefing, the testimony at the hearing, and the relevant law, the Court now turns to the merits of its decision.

## II.

## LEGAL STANDARDS

The Fourth Amendment of the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against *unreasonable* searches and seizures." (emphasis added). Typically, searches conducted without prior judicial approval are considered unreasonable, subject to a limited number of "specifically established and well delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967). The government bears the burden of establishing the reasonable nature of a warrantless search under the Fourth

Amendment.  *United States v. Wallen*, 388 F.3d 161, 164 (5th Cir. 2004).

Notably, the temporary detention of an individual by police officers as part of an automobile traffic stop falls within the purview of the Fourth Amendment's protection.  *Whren v. United States*, 517 U.S. 806, 809-10 (1996).   Thus, to be valid, an automobile stop must be reasonable under the Fourth Amendment.  *Id*. at 810.  A traffic stop is generally viewed as "reasonable" if the officers making the stop had probable cause to believe a traffic violation actually occurred.  *Id*.  Even if the traffic violation justification for the stop is mere pretext, the stop is considered reasonable if the officer's belief a traffic violation occurred is objectively grounded.   *United States v. Cole*, 444 F.3d 688, 689 (5th Cir. 2006)(citing *Whren*, 517 U.S. at 810); *United States v. Khanalizadeh*, 493 F.3d 479, 482 (5th Cir. 2007).

Once a vehicle has been stopped, the circumstances justifying a warrantless search of the vehicle are different from those justifying the search of a home or a person.  *Chambers v. Maroney*, 399 U.S. 42, 48 (1970).  A vehicle may be searched without a warrant if there is probable cause to believe it contains contraband.  *Id*. (citing *Carroll v. United States*, 267 U.S. 132 (1925)).  To determine whether probable cause to search a vehicle exists, a court must consider the totality of the circumstances viewed "in light of the observations, knowledge, and training of the law enforcement officers involved in the warrantless search."  *United States v. Muniz-Melchor*, 894  F.2d 1430, 1438 (5th Cir. 1990).  Notably, the odor of marijuana alone may constitute enough probable cause to justify a warrantless search. *United States v. Ibarra-Sanchez*, 199 F.3d 753, 760 (5th Cir. 1999).

"If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search."  *United*

*States v. Ross*, 456 U.S. 798, 825 (1982).  Accordingly, such a search may reasonably extend to a vehicle's trunk or glove compartment.  *Id.* at 823.

### III.

### ANALYSIS

The Court notes it must determine both whether the traffic stop of Curry was justified and, if so, whether the officers possessed probable cause to conduct a search of Curry's vehicle. The Court will address each issue in turn.

**A. The Traffic Stop**

Curry contends the officers stopped his vehicle without probable cause or reasonable suspicion of criminal activity.  (Mot. to Suppress Evidence Illegally Obtained 3.)  In response, the Government notes the officers observed Curry commit a violation of Texas Transportation Code § 544.010© and § 544.007(d) by stopping in the middle of a marked crosswalk during a red light. (Government's Resp. to Def.'s Mot. to Suppress 2.)  As such, the officer's observation of an actual traffic violation established the probable cause necessary to justify the temporary detention of Curry.  (*Id.* at 2-3.)

The Court finds the officers had adequate probable cause to stop Curry's vehicle.  Both officers were credible when they testified they observed Curry's vehicle clearly entering a marked crosswalk upon stopping at the red light in question.  Such an action constitutes a traffic violation under Texas Transportation Code § 544.010© and §544.007(d).[2]  The officers

---

[2] Texas Transportation Code § 544.010(c) provides, in part, that an operator of a vehicle is required to "stop before entering the crosswalk on the near side of the intersection." Texas Transportation Code § 544.007(d) provides that "[a]n operator of a vehicle facing only a steady red signal shall stop at a clearly marked stop line."

observations of Curry's vehicle provided them the requisite probable cause to believe a traffic violation had occurred. *See Whren*, 517 U.S. at 810. Accordingly, the officers reasonably engaged Curry in a traffic stop on the night in question.

**B. The Search of Curry's Vehicle**

Curry further contends the officers did not have probable cause to search the vehicle subsequent to the stop. (Mot. to Suppress Evidence Illegally Obtained 3.) Specifically, at the hearing, Curry questioned whether the officers truly observed an odor of marijuana coming from Curry's vehicle. Curry offered the testimony of two witnesses claiming to have been with Curry on the night in question. Neither witness observed Curry smoking marijuana that night and both testified that Curry enforced a "no smoking" policy in his vehicle.[3] Thus, arguing the officers did not have probable cause to believe the vehicle contained contraband, Curry asks that the Court suppress any evidence obtained through the illegal search. (*Id.*) The Government notes the odor of marijuana coming from Curry's vehicle provided the officers adequate probable cause to search for contraband throughout the entire vehicle, including compartments likely to contain concealed contraband. (Government's Resp. to Def.'s Mot. to Suppress 2-3.)

The Court finds the officers possessed adequate probable cause to conduct a search of Curry's vehicle. The officers credibly testified they detected the distinct odor of marijuana coming from Curry's vehicle. Officer Grimes, in particular, recounted vividly the smell coming from Curry's car on the night in question. The officers additionally testified as to their experience in identifying such narcotic odors. Thus, having observed an odor of marijuana from

---

[3] The court notes the witnesses also testified they had been drinking on the night in question thereby calling into question any recollection they might have of Curry's activities.

Curry's vehicle, the Court finds the officers had probable cause to search the vehicle, including the ashtray and center console.  *See Ibarra-Sanchez*, 199 F.3d at 760; *Ross*, 456 U.S at 825.

## IV.

## CONCLUSION

In conclusion, the Court finds the traffic stop of Curry on the night of October 4, 2008 was justified by the officers' observation of Curry committing a traffic violation.  Further, the Court finds the officers had adequate probable cause to search Curry's vehicle subsequent to the traffic stop because they observed an odor of marijuana coming from Curry's vehicle.  Accordingly, the Court finds Defendant's Motion to Suppress Illegally Seized Evidence should be and hereby is **DENIED** (doc. 28).

SO ORDERED.

DATED December 14, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE